Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Kelsey L Kuberka (SBN 321619)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
kkuberka@toddflaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEENA RAFFIN, individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION** |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| vs. | (1) **CALIFORNIA PENAL CODE § 632 [CLASS CLAIM]; AND** |
| JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, and DOES 1-10, | (2) **CALIFORNIA PENAL CODE § 632.7 [CLASS CLAIM]** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

1.     SHEENA RAFFIN ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK (collectively "Defendants"), their related entities, subsidiaries and agents in knowingly, and/or willfully employing and/or causing to be employed certain recording equipment in order to record telephone conversations with Plaintiff without the knowledge or consent of Plaintiff, in

1

violation of California Penal Code §§ 630 et seq., thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.      California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person.  Plaintiff alleges that despite California's two-party consent rule, Defendants continue to violate Penal Code § 632 by impermissibly recording its telephone conversations with California residents.

3.      California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone.  Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendants continue to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A) because Plaintiff, a resident of the State of California, seeks relief on behalf of a California class, which will result in at least one class member belonging to a different state

2

than that of Defendants JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, related entities incorporated in the State of New York with its principal place of business in New York, New York. Plaintiff also seeks the statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.   Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5.     Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b)(2) because the Plaintiff resides in this judicial district of California, a substantial part of the events giving rise to Plaintiff's causes of action against Defendants occurred within the Central District of California and Defendants conduct business in the City of Los Angeles, County of Los Angeles, California.

## **PARTIES**

6.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California.  Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

7.     Plaintiff is informed and believes, and thereon alleges, that Defendant JPMORGAN CHASE & CO. is, and at all times mentioned herein was, a corporation whose corporate headquarters is in New York, New York.  Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39).  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

8.     Plaintiff is informed and believes, and thereon alleges, that Defendant JPMORGAN CHASE BANK, N.A. is, and at all times mentioned herein was, a related entity of Defendant JPMORGAN CHASE & CO. whose headquarters is in

3

New York, New York.  Defendant, is and at all times mentioned herein was, a business entity, form unknown, and is a "person," as defined by 47 U.S.C. § 153 (39).   Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

9.     At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10.     Defendants are, and at all times mentioned herein was, related business entities and "persons," as defined by 47 U.S.C. § 153 (39).

11.     At all times relevant Defendants conducted business in the State of California and in the County of Los Angeles, within this judicial district. Defendants' employees and agents are directed, trained and instructed to, and do, record, the telephone conversations with the public, including California residents.

12.     Defendants contacted Plaintiff on July 4, 2018.

13.     During the aforementioned communication, the parties discussed personal and sensitive information including Plaintiff's alleged debt, the status of her pending litigation, and the nature of conversations she had with her attorney.

14.     At no time did Plaintiff ever provide actual or constructive consent to Defendants to record the telephone call.

15.     The contents of the call/s between Defendants and Plaintiff that were recorded by Defendants were confidential in nature due to the fact that private financial information and the status of a legal matter between the Parties was discussed.

16.     At no point did Plaintiff have a reasonable expectation that any of the calls with Defendants, that were initiated by Defendants, were being recorded especially because such private and sensitive subjects, including but not limited to

4

Plaintiff's alleged debt, were discussed.

17.    It is Defendants' pattern and practice to record incoming calls made to by California residents.   The calls are about individuals' finances and debt. Defendants do not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded.  Plaintiff was unaware that the phone calls between herself and Defendants in California were recorded.   There was  no  pre-call  recorded  message.    The  Defendants'  representatives  never informed Plaintiff that the calls were being recorded.

18.    Plaintiff  did  not  learn  that  Defendants  recorded  the  phone  call between Plaintiff and Defendants until after the event occurred.

**ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

19.    Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendants were recording the phone calls between  Plaintiff  and  members  of  the  California  Class  and  Defendants  without their knowledge or consent.

20.    Defendants concealed from Plaintiff and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the California Class on the other hand.

21.    Defendants concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and members of the California Class that they were not being recorded.  At the outset of the phone calls there was no warning that the phone calls were, or even may be recorded.  Such warnings are ubiquitous today.

22.    Plaintiff was justified in not bringing the claim earlier based on Defendants' failure to inform Plaintiff and other members of The Class that the phone calls were being recorded.

///

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

24.    Plaintiff represents, and is a member of, the Class, consisting of: All persons in California whose inbound and outbound telephone conversations were recorded without their consent by Defendants or its agent/s within the one year prior to the filing of this action.

25.    Defendants and their employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26.    Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally recording inbound and outbound cellular telephone conversations without their consent within the one year prior to the filing of the original Complaint in this action.  Plaintiff and the Class members were damaged thereby.

27.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendants' records or Defendants' agents' records.

29.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class

6

members, including the following:

1. Whether Defendants have a policy of recording incoming and/or outgoing calls;

2. Whether Defendants have a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;

3. Whether Defendants discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded;

4. Whether Defendants' policy of recording incoming and/or outgoing calls to cellular telephones constituted a violation of California Penal Code §§632(a), 632.7; and 637;

5. Whether Plaintiff, and the Class were damaged thereby, and the extent of damages for such violations; and

6. Whether Defendants should be enjoined from engaging in such conduct in the future.

30.    As a person whose telephone communications from Defendants were recorded without notice or consent, Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

31.    Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages of $5,000 per violation pursuant to California Penal Code § 637.2(a).

32.    Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

33.    Plaintiff and the members of the Class have all suffered irreparable

harm as a result of the Defendants unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

34.  Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

35.  A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

36.  Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

37.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.  Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically

8

to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

39.     California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party.  Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded.  The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.  There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

40.     Plaintiff is informed and believes, and thereupon alleges, that Defendants employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

41.     Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

42.     Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code § 632.6(a).

43.     At no time during which these telephone conversations were taking place between Defendants or any employee, agent, manager, officer, or director of Defendants, and any other person, did Defendants inform Plaintiff or any other member of The Class that the recording of their telephone conversations were

taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

44.     Defendants, knowing that this conduct was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the telephone conversations between Plaintiff and The Class members, on the one hand, and Defendants on the other hand, as alleged herein above.

45.     Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

46.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## SECOND CAUSE OF ACTION

### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

47.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as stated herein.

48.     Californians have a constitutional right to privacy.  Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and continuing

10

interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

49.     California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

50.     Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7.

51.     Defendants caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

52.     Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

53.     Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

54.     Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

55.     Because this case is brought for the purposes of enforcing important

rights affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

**PRAYER FOR RELIEF**

**FIRST CAUSE OF ACTION FOR INVASION OF PRIVACY:**

**VIOLATION OF PENAL CODE § 632**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

c. Injunctive relief in the form of an order requiring Defendants to disgorge all ill-gotten gains and awarding Plaintiff, The Class and The Sub-Class full restitution of all monies wrongfully acquired by Defendants by means of such unfair and unlawful conduct;

d. That the Court preliminarily and permanently enjoin Defendants from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

e. For exemplary or treble damages;

f. For costs of suit;

g. For prejudgment interest at the legal rate; and

h. For such further relief as this Court deems necessary, just, and proper.

///

///

12

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY:
## VIOLATION OF PENAL CODE § 632.7

a. That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class;

b. For statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the Class;

c. For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of the Class;

d. Injunctive relief in the form of an order prohibiting Defendants from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.

e. That the Court preliminarily and permanently enjoin Defendants from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and the Class, without their prior consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and the Class.

f. For general damages according to proof;

g. For costs of suit;

h. For prejudgment interest at the legal rate;

i. For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5; and,

j. For such further relief as this Court deems necessary, just, and proper.

### Trial By Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

///

///

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: July 2, 2019          **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

BY: /s/ TODD M. FRIEDMAN
TODD M. FRIEDMAN, ESQ.
ATTORNEYS FOR PLAINTIFF

**CLASS ACTION COMPLAINT**